## REES *v.* WHITE.

PATENTS; INTERFERENCE.

In an interference, concurrent decisions of the Patent Office upon questions
of fact will not be disturbed in the absence of manifest error.

No. 1163. Patent Appeals. Submitted May 14, 1918. Decided May 27, 1918.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference case.            *Affirmed.*

The facts are stated in the opinion.

*Mr. George D. Beattys* for the appellant.

*Mr. Robert C. Mitchell* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is in an interference proceeding the subject-
matter of which is described by the Commissioner of Patents
as follows: "The invention relates to an apparatus for produc-
ing perforated note sheets which are so perforated that when
used in connection with a suitable reproducing instrument the

composition will be produced as to tempo changes and dynamics as originally rendered by the player."

The issue is in four counts, of which the following is illustrative:

"1. In an apparatus for producing perforated note sheets for music playing instruments, a cutter apparatus including cutters for forming in a sheet note perforations, and a separate cutter for forming in said sheet expression controlling perforations, a manually controllable player apparatus, said cutter apparatus and said player apparatus being so arranged as to operate simultaneously and co-operatively, the speed of one being variable relatively to the speed of the other, the speed of the latter being substantially uniform, means between said player apparatus and said cutter apparatus for controlling the moment and duration of operation of the cutters for forming note perforations in the sheet being perforated, and means between the player apparatus and the cutter apparatus for controlling the moment of and duration of operation of the cutter for forming the expression controlling perforations in the sheet being perforated."

The tribunals below concur in holding that White is entitled to priority. Where this occurs, and the case, as in this instance, turns wholly upon questions of fact, the finding below will not be disturbed, except where manifest error has been committed. White took no testimony, relying upon his filing date. The tribunals below held that, while Rees showed that some experiments along the line of the invention had been made as early as 1909, it was unnecessary to determine whether they amounted to a conception of the invention; since, if they did, he has lost his right by concealment and suppression, and what he did at that time amounted only to an abandoned experiment.

Upon careful consideration of the whole case, we concur in the unanimous holding of the tribunals below.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                 *Affirmed.*

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Justice Robb.